# United States Court of Appeals
### For the Eighth Circuit

_____

No. 11-3282

_____

United States of America

*Plaintiff - Appellee*

v.

Rudolph George Stanko

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: April 18, 2012
Filed: August 6, 2012
[Unpublished]

_____

Before LOKEN, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Rudolph George Stanko appeals the district court's denial of his motion to modify the conditions of his supervised release. Because this matter is now moot, we dismiss the appeal.

In August of 2006, Stanko was sentenced to 72 months imprisonment to be followed by 3 years of supervised release for violating 18 U.S.C. § 922(g) (possession of a firearm or ammunition by a prohibited person). While incarcerated at the Bureau of Prison's facility in Terre Haute, Indiana, Stanko filed a motion with the district court in Nebraska, requesting that he be able to serve his supervised release time in Montana, where some of his family members reside. Initially the court denied the motion, but sua sponte reconsidered the motion and granted it on August 19, 2010. Despite the order granting Stanko's motion, the Nebraska district court failed to initiate the transfer to Montana at that time.

A year later and shortly before his release, Stanko filed with the Nebraska district court an August 19, 2011 motion to modify the conditions of his supervised release. On Friday, September 9, 2011, Stanko was released. He was directed to report to the probation office on Monday, in Missoula, Montana, and he was provided a bus ticket that would have taken him to Missoula by Sunday evening. When Stanko arrived in Chicago, however, he exchanged the ticket to Missoula for one to North Platte, Nebraska. He appeared in the clerk's office in North Platte on Monday and then reported to the probation office in North Platte on Tuesday, September 13, 2011.

Also on that Tuesday, the Nebraska district court finally entered its order transferring jurisdiction of Stanko's supervised release to Montana. Under the order, transfer would occur "upon that Court's [District of Montana] order of acceptance of jurisdiction." On September 20, 2011, the district court for Nebraska denied Stanko's request for modification of his supervised release on the grounds that Nebraska no longer possessed jurisdiction because the case had been transferred. On September 21, 2011, the District of Montana entered an order accepting jurisdiction of Stanko's supervised release.

Stanko was arrested for failing to appear in the District of Montana as ordered. A magistrate judge in Nebraska held an identity and detention hearing on September

22, 2011. The magistrate judge released Stanko and ordered him to appear before a judge in Montana on October 12, 2011. As part of the release order, the magistrate judge also entered conditions for Stanko to comply with during his release and prior to his appearance in Montana. Stanko filed objections to the release order, and the Nebraska district court overruled those objections. Stanko appeals the denial of his motion to modify the conditions of his supervised release and the release order entered by the magistrate judge.[1]

Under 18 U.S.C. § 3605, a district court may transfer jurisdiction over a person on supervised release to another district court with the concurrence of that court. 18 U.S.C. § 3605. When that transfer occurs, the court to which jurisdiction was transferred is given the authority to exercise all powers over the person pertaining to the modification of a term of supervised release under 18 U.S.C. § 3583. See 18 U.S.C. § 3605.

Stanko is correct that on September 20, 2011, when the district court in Nebraska entered the order denying his motion to modify the supervised release conditions pursuant to 18 U.S.C. § 3583, the district court erred in concluding that it lacked jurisdiction because, at that time, the district court in Montana had not yet consented to the transfer of jurisdiction.

However, this matter is now moot. As of September 21, 2011, the district court in Montana assumed jurisdiction over Stanko's supervised release by consenting to the transfer. Our review of the decisions of the Nebraska district court will have no impact because that court no longer has the authority to modify Stanko's supervised release conditions. Even if this court were to remand to the district court in Nebraska

---

[1]Because the time frame applicable to the magistrate judge's release order—from the time of Stanko's release until he appeared before the district judge in Montana on October 12, 2011—has expired, this issue is moot.

because its reason for denying the motion to modify was incorrect, the court could not consider the motion now. Thus, there is no action this court can take that would give Stanko the relief he seeks. Cf. State of Neb. v. Cent. Interstate Low-Level Radioactive Waste Compact Comm'n, 187 F.3d 982, 987 (8th Cir. 1999) ("When . . . the court cannot grant specific and conclusive relief as to an issue raised, then the issue is moot.").

Because this matter is now moot, we dismiss Stanko's appeal.

_____